UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON FLAKES,

    Plaintiff,                                   Case No. 1:10-cv-25

v                                                      HON. JANET T. NEFF

JAMES VAN GORDON, et al.,

    Defendants.

_____/

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants VanGordon, Bennett, Ball, Curtin, Shockley, and Bookheimer filed a Motion for Dismissal on May 25, 2010 (Dkt 21), claiming failure to exhaust administrative remedies and failure to state a claim upon which relief can be granted. Defendant Stapleton filed a Motion for Dismissal on the same grounds on July 22, 2010 (Dkt 36). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant the motions and dismiss Plaintiff's complaint without prejudice for failure to exhaust administrative remedies (R & R, Dkt 44). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Pl. Obj., Dkt 48). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

1

Plaintiff asserts two primary objections to the Magistrate Judge's findings. First, Plaintiff asserts that, while he was in segregation in April or May, he gave his Step III grievance appeal to prison officials in an open, addressed, stamped envelope, in compliance with policy directive 05.03.118, to be mailed to the Grievance and Appeals Division in Lansing (Dkt 48 at 2). Plaintiff claims that he believed that the Appeals Division had received his appeal and failed to reply and concludes that prison officials destroyed his Step III grievance appeal, thereby obstructing justice and violating his constitutional rights (Dkt 48 at 7-8).

Plaintiff's objection is without merit. Plaintiff's contention that he gave a Step III appeal to prison officials in April or May provides only slightly more detail than his earlier claim, evaluated by the Magistrate Judge, that he "went on to step 3" (Dkt 44 at 8). Plaintiff's revised allegations fail to provide specific information about the appeal that the Magistrate Judge found lacking (*see* Dkt 44 at 8). Plaintiff provides no specific information about the appeal, but instead makes general allegations that the appeal contained "some of the similar allegations" as the earlier step I and step II grievances and was given to prison officials sometime in April or May (Dkt 48 at 2, 7). Plaintiff's conclusory statement that the appeal conformed with MDOC policy is insufficient to establish error in the Magistrate Judge's analysis. The Magistrate Judge properly found that "[w]hile Plaintiff's assertion *may* establish that he submitted a Step III appeal of the grievance in question it fails to establish that Plaintiff did so in accordance with MDOC policy" (Dkt 44 at 8). Plaintiff's objection is, therefore, denied.

Plaintiff next appears to argue that he successfully exhausted his administrative remedies when he appealed his conviction on the related misconduct charge to the Grievance and Appeals Division and the Ingham County Circuit Court (Dkt 48 at 9). Plaintiff cites *Johnson v. Testman*,

380 F.3d 691 (2d Cir. 2004) and contends that "'he reasonably believed that raising his complaints during his disciplinary appeal sufficed to exhaust his available administrative remedies'" (Dkt 48 at 10) (quoting *Testman*, 380 F.3d at 696). In *Testman*, the Second Circuit Court of Appeals found that a prisoner's disciplinary appeal may be sufficient to exhaust administrative remedies with respect to a § 1983 claim against corrections officers if the disciplinary appeal "was enough to 'alert [] the prison to the nature of the wrong.'" *Testman*, 380 F.3d at 696. However, as the Second Circuit has since noted, the United States Supreme Court overruled this finding in *Woodford v. Ngo*, 548 U.S. 81 (2006). *See Macias v. Zenk*, 495 F.3d 37, 43-44 (2d Cir. 2007). The Magistrate Judge properly noted that the *Woodford* Court "stated that 'the PLRA exhaustion requirement requires proper exhaustion' defined as 'compliance with an agency's deadlines and other critical procedural rules'" (Dkt 44 at 5) (quoting *Woodford*, 548 U.S. at 90-93). Plaintiff's disciplinary appeal, therefore, is not sufficient to properly exhaust his administrative remedies. Plaintiff's objection is denied.

To the extent that Plaintiff attempts to argue that the affirmative defense of failure to exhaust cannot be utilized to bar a claim when certain special circumstances exist (Dkt 48 at 15-16), it is unclear from Plaintiff's objection how a special-circumstances exception would apply in this case.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 210-11 (2007)).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 48) are DENIED and the Report and Recommendation (Dkt 44) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Dismissal (Dkt 21) and Defendant Stapleton's Motion for Dismissal (Dkt 36) are GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Dkt 1) is DISMISSED WITHOUT PREJUDICE for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Dated: March 29, 2011                           /s/ Janet T. Neff
                                                JANET T. NEFF
                                                United States District Judge