UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON FLAKES,

    Plaintiff,                         Hon. Janet T. Neff

v.                                          Case No. 1:10-CV-25

JAMES VAN GORDON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>. (Dkt. #139). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted in part and denied in part**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. On March 8, 2008, Resident Unit Officer (RUO) James Van Gordon escorted Plaintiff to the showers. When Plaintiff discovered there was no hot water, he asked to be returned to his cell. In response, Van Gordon told Plaintiff, "you wanted a shower, take a shower." Plaintiff showered, after which Van Gordon and RUO Bennett escorted Plaintiff back to his cell. As the trio proceeded, Plaintiff "slightly stopped to gain the attention of the unit sergeant." The sergeant ignored Plaintiff, who then asked Van Gordon and Bennett "to allow him to speak to the Lieutenant." In response, Van Gordon and Bennett twisted Plaintiff's arm and kicked his legs out from underneath him, causing Plaintiff to hit "the floor on his head." Van

Gordon and Bennett later charged Plaintiff with a major misconduct violation for "assault and battery on staff." Immediately following this incident, Plaintiff was examined by Nurse Rick Bookheimer. Plaintiff requested that Bookheimer take photographs to document his injuries. Bookheimer refused.

Later that day, Plaintiff filed a Step I grievance alleging that RUO Van Gordon assaulted him "for no reason." Captain Laura Shockley subsequently interviewed Plaintiff as part of her investigation into Plaintiff's allegations. Deputy Warden Tim Ball later denied Plaintiff's Step I grievance. Plaintiff appealed the matter to Step II. Warden Cindi Curtin denied Plaintiff's Step II grievance appeal.

A hearing on Plaintiff's misconduct charge was conducted by Hearing Officer Elizabeth Buren. Finding the accounts given by Van Gordon and Bennett to be "consistent and persuasive," Buren found Plaintiff guilty of the charge. Plaintiff appealed his conviction to the Michigan Department of Corrections (MDOC) Grievance and Appeals Division. Hearing Administrator Richard Stapleton denied Plaintiff's appeal. Plaintiff then appealed the matter to the Ingham County Circuit Court where he obtained a reversal of his major misconduct conviction.

Plaintiff initiated the present action on January 11, 2010, against RUO Van Gordon, RUO Bennett, Nurse Bookheimer, Captain Shockley, Deputy Warden Ball, Warden Curtin, Hearing Officer Buren, and Hearing Administrator Stapleton. Plaintiff alleges that all Defendants engaged in a conspiracy to violate his rights. Plaintiff additionally alleges that: (1) Defendants Buren and Stapleton violated his right to procedural due process and (2) Defendants VanGordon and Bennett violated his

Eighth Amendment right to be free from cruel and unusual punishment as well as his First Amendment right to freedom of speech.[1]

Defendants subsequently moved to dismiss Plaintiff's claims on the ground that Plaintiff failed to properly exhaust his administrative remedies. (Dkt. #21, 36). On January 18, 2011, the undersigned recommended that Defendants' motions be granted and this action dismissed. (Dkt. #44). This recommendation was adopted by the Honorable Janet T. Neff. (Dkt. #52). On February 8, 2013, the Sixth Circuit reversed the Court's decision, finding that Defendants had failed to satisfy their burden on the exhaustion question. (Dkt. #77). The parties subsequently participated in discovery and, with discovery now complete, Defendants again move for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has

---

[1] The Court notes that in response to the present motion, Plaintiff asserts that he is pursuing additional claims. Plaintiff's complaint is the operative document, however, when determining the claims or causes of action being asserted. Allegations or assertions in response to a motion for summary judgment do not substitute for a properly filed motion to amend the complaint.

had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.**  **Procedural Due Process**

As described above, following the March 8, 2008 incident involving Defendants Van Gordon and Bennett, Plaintiff was charged with a major misconduct violation for "assault and battery on staff." Plaintiff was found guilty of this charge following a hearing conducted by Defendant Buren.

Plaintiff appealed this conviction to the Michigan Department of Corrections (MDOC) Grievance and Appeals Division. Plaintiff's appeal was denied by Hearing Administrator Richard Stapleton. Plaintiff subsequently appealed the matter to the Ingham County Circuit Court where he obtained a reversal of his major misconduct conviction. Plaintiff alleges that the procedures employed by Defendants Buren and Stapleton violated his Fourteenth Amendment right to due process.

Pursuant to the Due Process Clause of the Fourteenth Amendment, before depriving an individual of life or a constitutionally protected liberty or property interest the state must afford the individual with notice and an opportunity to be heard. *See Brentwood Academy v. Tennessee Secondary School Athletic Association*, 442 F.3d 410, 433 (6th Cir. 2006), *rev'd on other grounds*, 127 S.Ct. 2489 (2007); *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). The Due Process Clause is not implicated by any and every deprivation of liberty or property, but instead applies only where an individual has been deprived of a *constitutionally protected* liberty or property interest. *See Brentwood Academy*, 442 F.3d at 433.

The fundamental requirement of procedural due process "is that an individual be given an opportunity to be heard at a meaningful time and in a meaningful manner" prior to the deprivation of a constitutionally protected interest. *Adam Wayne D. ex rel. David D. v. Beechwood Independent School Dist.*, 482 Fed. Appx. 52, 57 (6th Cir., May 22, 2012). Even if the Court assumes that Plaintiff has sufficiently alleged the deprivation of a constitutionally protected interest, Plaintiff's claim fails as he was afforded sufficient process.

Plaintiff acknowledges that he was afforded notice and an opportunity to be heard at each stage of the proceedings, but nevertheless faults Defendants Buren and Stapleton for finding more credible the testimony and evidence presented by prison officials. As previously noted, however,

Plaintiff was able to appeal the matter to the Ingham County Circuit Court where he obtained a reversal of his major misconduct conviction. The process that Plaintiff was afforded satisfies the Constitution. *See, e.g., Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974) (due process requires notice and an opportunity to be heard); *Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (due process is satisfied where there exists "some evidence" to support the prison discipline decision); Calihan v. Knipp, 2013 WL 552977 at *1 (E.D. Cal., Feb. 13, 2013) (recognizing that the ability to appeal a prison misconduct conviction is not required by the Due Process Clause). Accordingly, the undersigned recommends that Defendants Buren and Stapleton be granted summary judgment as to Plaintiff's procedural due process claims.[2]

## II.        Conspiracy

Plaintiff alleges that every Defendant participated in a conspiracy to violate his rights. Defendants assert that these claims must be dismissed for failure to exhaust administrative remedies.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's

---

[2] While Plaintiff did not submit any grievance regarding these particular claims, such matters are not grievable pursuant to MDOC policy. *See* Michigan Department of Corrections, Policy Directive 03.02.130 ¶ (F)(2) (noting that "decisions made in hearings. . .and issues directly related to the hearing process" are "non-grievable issues").

deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

When assessing whether a prisoner has properly exhausted his claims as required by the PLRA, it is appropriate to seek guidance from the substantively similar exhaustion rules applicable to petitions for writ of habeas corpus. *See Woodford,* 548 U.S. at 88. In the habeas context, a petitioner is required to properly present his federal claims through one complete round of the State's established appellate review process. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). To "'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies." *Id.* at 848 (citation omitted). The Supreme Court has stated that in the habeas context, "the sanction for failing to exhaust properly (preclusion of federal review) is called procedural default." *Woodford,* 548 U.S. at 92. To determine whether a habeas petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir.2004), *cert. denied,* 544 U.S. 928 (2005); *accord Lancaster v. Adams,* 324 F.3d 423, 436-37 (6th Cir.2003).

Under the procedural default component of § 1997e(a), a prisoner's claims are procedurally defaulted if he fails to complete the administrative review process in accordance with the deadlines and other applicable procedural rules and prison officials actually relied upon the procedural rule to bar review of the grievance. *See Johnson v. Meadows,* 418 F.3d 1152, 1159 (11th Cir.2005), *cert. denied,* 126 S.Ct. 2978 (2006); *Spruill v. Gillis,* 372 F.3d 218, 222 (3rd Cir.2004) (holding that "the determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations"). Moreover, just as procedural default in the federal habeas corpus context must be predicated on an adequate and independent state ground, the procedural requirements of a prison grievance system may not be imposed in a way that offends the United States Constitution or the intended purposes of § 1997e(a). *See Spruill,* 372 F.3d at 232.

In support of their motion, Defendants have submitted a copy of Plaintiff's deposition transcript, evidence which was not available when Defendants previously moved for summary judgment. In his deposition, Plaintiff acknowledged that he only filed a single grievance regarding the matters giving rise to the present action. (Dkt. #140, Exhibit A at 76-77). Plaintiff attached to his complaint a copy of the Step I grievance in question. (Dkt. #1, Exhibit G). Plaintiff initiated this grievance against Defendant Van Gordon alleging only assault and battery arising from the March 8, 2008 incident described above. This grievance fails to identify any other Defendant or assert any allegations of conspiracy or similar conduct. Plaintiff has submitted no evidence creating a factual dispute as to whether he properly exhausted his conspiracy claims. Accordingly, the undersigned recommends that Plaintiff's conspiracy claims against all Defendants be dismissed for failure to exhaust administrative remedies.

**III.     Defendant Bennett**

As noted above, Plaintiff alleges that he was subjected to excessive force by Defendants Van Gordon and Bennett on March 8, 2008. As discussed in the preceding section, however, the only grievance Plaintiff pursued concerning this incident was asserted against Defendant Van Gordon only. Plaintiff's grievance makes absolutely no mention of Defendant Bennett. Plaintiff has failed to submit any evidence creating a factual dispute as to whether he properly exhausted any claims against Defendant Bennett. Accordingly, the undersigned recommends that Plaintiff's claims against Defendant Bennett be dismissed for failure to exhaust administrative remedies.

**IV.     Defendant Van Gordon**

Plaintiff alleges that as a result of the aforementioned March 8, 2008 incident, he suffered a violation of his Eighth and First Amendment rights. Plaintiff also alleges that Defendant Van Gordon participated in the conspiracy against him, but as previously discussed Plaintiff's conspiracy claims have not been properly exhausted.

    A.     First Amendment

Plaintiff alleges that Defendant Van Gordon violated his "First Amendment right to Freedom of speech." The basis or rationale for this particular claim is difficult to discern. Such is of no consequence, however, as the lone grievance Plaintiff pursued regarding this incident makes no mention of any violation or impairment of his First Amendment rights. Accordingly, the undersigned recommends that Plaintiff's First Amendment claim against Defendant Van Gordon be dismissed for failure to exhaust administrative remedies.

B.    Eighth Amendment

Plaintiff alleges that Defendant Van Gordon violated his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff has asserted this claim against Van Gordon in both his official and personal capacity seeking both monetary, declaratory, and injunctive relief.

1.    Eleventh Amendment Immunity

Defendant asserts that he is entitled to immunity from Plaintiff's claims asserted against him in his official capacity.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. This provision has long been interpreted as precluding "federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Board of Regents*, 528 U.S. 62, 72-73 (2000). Accordingly, the Eleventh Amendment generally precludes federal court actions against a State unless that state has waived its sovereign immunity or consented to suit in federal court. *See Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)). The Court notes that the State of Michigan "has not consented to being sued in civil rights actions in the federal courts." *Johnson v. Unknown Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004).

An action asserted against a State official in his official capacity is considered an action against the State. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). An exception to this general rule exists, however, for claims seeking prospective injunctive or declaratory (non-monetary) relief compelling a

state official (in his official capacity) to comply with federal law. *See Ex Parte Young*, 209 U.S. 123 (1908); *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507-08 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).

To the extent that Plaintiff seeks monetary relief against Defendant Van Gordon in his official capacity, immunity is appropriate. Accordingly, the undersigned recommends that Plaintiff's claims for monetary damages against Defendant Van Gordon in his official capacity be dismissed.

2.  Qualified Immunity

Defendant Van Gordon further asserts that he is entitled to qualified immunity as to Plaintiff's claim that he was subjected to the use of excessive force. The Court disagrees.

The doctrine of qualified immunity recognizes that government officials must be able to carry out their duties without fear of harassing litigation. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984). As is well recognized, they can do so only if they reasonably can anticipate when their conduct may give rise to liability for damages, and if unjustified lawsuits are quickly terminated. *Id.* Generally, when government officials perform discretionary functions, they are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also, Behrens v. Pelletier*, 516 U.S. 299, 301 (1996). The question whether a defendant enjoys qualified immunity is a question of law for the Court to resolve. *See Virgili v. Gilbert*, 272 F.3d 391, 392 (6th Cir. 2001).

When evaluating claims of qualified immunity, the Court employs a two-step analysis. The Court first determines "whether the facts that a plaintiff has alleged or shown make out a violation

of a constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). If such fail to establish a violation of the plaintiff's constitutional rights, the defendant is entitled to immunity. *See Callahan*, 555 U.S. at 232. On the other hand, if the facts establish a violation of the plaintiff's constitutional rights, the Court must then determine whether the right in question was "clearly established" at the time the defendant acted. The defendant is entitled to qualified immunity unless his "conduct violated a clearly established constitutional right." *Id.* The inquiry whether a particular right was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Moldowan v. City of Warren*, 578 F.3d 351, 375 (6th Cir. 2009) (citing *Saucier*, 533 U.S. at 201). The contours of the right in question "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Fisher v. Harden*, 398 F.3d 837, 845 (6th Cir. 2005) (quoting *Saucier*, 533 U.S. at 202). The focus of this inquiry is "on whether the officer had fair notice that her conduct was unlawful." *Lyons v. City of Xenia*, 417 F.3d 565, 579 (6th Cir. 2005).

Where neither the motion for qualified immunity nor the opposition thereto is supported by evidence, the first step of the qualified immunity analysis focuses on the allegations in the plaintiff's complaint and whether such state a claim for violation of the plaintiff's constitutional rights. If, on the other hand, the motion for qualified immunity and/or the opposition thereto are supported by evidence, such must be considered pursuant to the summary judgment standard articulated above. Thus, if the evidence establishes that the defendant did not violate the plaintiff's constitutional rights, qualified immunity is appropriate. *See, e.g., Scott v. Harris*, 550 U.S. 372, 377-86 (2007) (officer entitled to qualified immunity where evidence was such that "no reasonable jury" could have concluded that officer

violated the plaintiff's constitutional rights). Likewise, if the right in question was not "clearly established" at the time the defendant acted, the defendant is entitled to qualified immunity.

Generally, to find a clearly established constitutional right, the district court "must find binding precedent by the Supreme Court, its Court of Appeals or itself." *Fisher*, 398 F.3d at 845 (quoting *Ohio Civil Serv. Employees Ass'n v. Seiter*, 858 F.2d 1171, 1177-78 (6th Cir. 1988)). In extraordinary circumstances, however, the decisions of other courts may suffice if such decisions "both point unmistakably to the unconstitutionality of the conduct complained of and are so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct, if challenged on constitutional grounds, would be found wanting." *Fisher*, 398 F.3d at 845-46 (quoting *Seiter*, 858 F.2d at 1177). A single idiosyncratic opinion from another circuit's court of appeals, however, is insufficient to put a defendant on notice of how the Sixth Circuit might decide the issue in question. *See Davis v. Holley*, 835 F.2d 1175, 1182 (6th Cir. 1987).

In determining whether a defendant is entitled to qualified immunity, the focus is on the objective legal reasonableness of his actions in light of clearly established law as it existed when he engaged in the challenged conduct. *See Anderson*, 483 U.S. at 640; *Harlow*, 457 U.S. at 818; *Fisher*, 398 F.3d at 845. Accordingly, the Court must determine "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Fisher*, 398 F.3d at 845 (quoting *Saucier*, 533 U.S. at 202). Finally, while it "is often appropriate" to evaluate qualified immunity claims by analyzing the two analytical steps in sequence, such is no longer mandated. *See Callahan*, 555 U.S. at 236. As the *Callahan* Court stated, "[t]he judges of the district courts. . .should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.*

The allegations in Plaintiff's complaint against Defendant Van Gordon state a claim for violation of the right to be free from cruel and unusual punishment. Plaintiff clearly alleges that Defendant Van Gordon violently assaulted him without cause or provocation. Defendant Van Gordon has presented no evidence refuting Plaintiff's allegations. The right to be free from cruel and unusual punishment through the use of excessive force was clearly established long before the conduct giving rise to this action. Stated differently, a reasonable official would have known that the conduct alleged by Plaintiff violated the Eighth Amendment. Accordingly, the undersigned recommends that Defendant Van Gordon's motion for qualified immunity be denied.

3. Exhaustion

As previously noted, the Sixth Circuit determined that the evidence submitted in support of Defendants' previous motion for summary judgment was insufficient to merit the requested relief. As discussed above, additional evidence obtained during discovery is sufficient for all Defendants - except Defendant Van Gordon - to satisfy their burden on the exhaustion issue. Defendant Van Gordon concedes that the evidence thus far submitted is insufficient for him to obtain relief on exhaustion grounds. Defendant Van Gordon requests that the Court conduct an evidentiary hearing prior to trial to resolve the exhaustion question. In support of this request, Defendant Van Gordon cites to a case in which the Honorable Gordon J. Quist resolved a motion for relief on exhaustion grounds prior to trial following an evidentiary hearing.

While Judge Quist has concluded that the question of exhaustion is not a jury question, but is instead a matter for the Court to resolve prior to the outset of trial, it does not appear that Judge

Neff has reached the same conclusion. Accordingly, the undersigned recommends that Defendant Van Gordon's request for a hearing be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (Dkt. #139), be **granted in part and denied in part**. Specifically, the undersigned recommends that Plaintiff's claims all be dismissed for the reasons articulated herein, except for the following two claims which go forward: (1) Plaintiff's Eighth Amendment claim asserted against Defendant Van Gordon in his personal capacity seeking monetary relief; and (2) Plaintiff's Eighth Amendment claim asserted against Defendant Van Gordon in his official capacity seeking injunctive relief and declaratory relief. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: February 13, 2014     /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge