UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON FLAKES,

     Plaintiff,                            Case No. 1:10-cv-25

v                                        HON. JANET T. NEFF

JAMES VAN GORDON, et al.,

     Defendants.

_____/

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On October 11, 2013, Defendants VanGordon, Stapleton, Shockley, Curtin, Buren, Bookheimer and Bennett filed a Motion for Summary Judgment (Dkt 139). Plaintiff filed a response to the motion on December 19, 2013 (Dkt 153). Defendants did not file a reply. On February 13, 2014, the Magistrate Judge issued a Report and Recommendation (R&R), recommending that Defendants' motion be granted in part and denied in part (Dkt 160). Specifically, the Magistrate Judge recommends that Plaintiff's claims all be dismissed, except for the following two claims that may go forward: (1) Plaintiff's Eighth Amendment claim asserted against Defendant Van Gordon in his personal capacity seeking monetary relief; and (2) Plaintiff's Eighth Amendment claim asserted against Defendant Van Gordon in his official capacity seeking injunctive relief and declaratory relief.

The matter is presently before the Court on the parties' objections to the Report and Recommendation (Defs.' Obj., Dkt 163; Pl.'s Obj., Dkt 164). Plaintiff also filed a response to

1

Defendants' objections (Dkt 168).  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court grants Defendants' objections, denies Plaintiff's objections, and issues this Opinion and Order.

Defendants pose two objections to the Magistrate Judge's Report and Recommendation.  As a threshold matter, Defendants assert that the portion of the Report and Recommendation allowing Plaintiff's claim for injunctive relief to proceed against Defendant VanGordon be rejected for the reason that the issue is moot (Defs.' Obj., Dkt 163 at 4).  Defendants represent that Plaintiff, who seeks an injunction to be free from "further retaliation and misconduct or other actions of Defender's [sic]," no longer resides at the Oaks Correctional Facility where Defendant VanGordon works (*id.*). In response, Plaintiff asserts that the issue is not moot because his request for injunctive relief was brought "against all the Defendants as a whole, not as individuals" (Dkt 168 at 2).

Plaintiff's response is unavailing inasmuch as the Magistrate Judge recommends that only the Eighth Amendment claim against Defendant VanGordon proceed.  Further, a review of the docket in this case confirms that Plaintiff has not, in fact, resided at the Oaks Correctional Facility since at least June 2013, when Plaintiff informed the Court of his change of address (Dkt 94). Therefore, the Court agrees that to the extent Plaintiff's Eighth Amendment claim against Defendant VanGordon includes a claim for injunctive relief, that claim is moot.  *See, e.g., Whiteside v. Parrish*, 387 F. App'x 608, 610 (6th Cir. 2010) (finding the plaintiff's request for injunctive relief against the defendants moot because the plaintiff was no longer confined at the correctional institution where the defendants were employed); *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (same); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 n.1 (6th Cir. 2001) (same); *Fish v. Sapp*, 3

F. App'x 334, 336 n.1 (6th Cir. 2001) (same); *Miller v. West*, 173 F.3d 429 (6th Cir. 1999) (same). Accordingly, the Court grants this objection by Defendants and holds that Plaintiff's Eighth Amendment claim against Defendant VanGordon in his official capacity seeking injunctive relief will not proceed.

Second, Defendants submit that the portion of the Report and Recommendation denying Defendant VanGordon's request for a hearing on whether Plaintiff exhausted his administrative remedies should be overturned and that this Court should schedule an evidentiary hearing on this issue prior to any trial on the remaining Eighth Amendment claim against Defendant VanGordon (Defs.' Obj., Dkt 163 at 2). In his response to Defendants' objection, Plaintiff asserts that "it's very clear that Plaintiff exhausted" and that "a hearing would be frivolous" (Pl.'s Resp., Dkt 168 at 2).

The Magistrate Judge recommends that Defendant VanGordon's request for a hearing be denied, correctly noting that neither the Sixth Circuit Court of Appeals nor this Court has yet decided whether there is a right to a jury trial on factual disputes regarding an inmate's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (R&R, Dkt 160 at 15-16). The six circuits that have addressed the question, however, have determined that a court should resolve factual issues concerning exhaustion. *See Messa v. Goord*, 652 F.3d 305 (2d Cir. 2011) (joining the position taken by the Third, Fifth, Seventh, Ninth and Eleventh Circuits). Further, district courts in Michigan have held that there is no right to a jury trial on exhaustion, and set the matter for an evidentiary hearing. *See Lee v. Willey*, No. 10-12625, 2014 WL 372652 (E.D. Mich. Feb. 3, 2014) (Edmunds, J.); *Travis v. Morgridge*, No. 12-cv-96, 2013 WL 227665, at*5 (W.D. Mich. Jan. 22, 2013) (Quist, J.). The Court likewise agrees that exhaustion under the PLRA "is a matter of judicial administration in the sense that '[u]ntil the issue of

exhaustion is resolved, the court cannot know whether it is to decide the case or the prison authorities are to [do so].'" *Messa*, 652 F.3d at 308–09 (quoting *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008)). Accordingly, the Court will also grant this objection by Defendants and set for an evidentiary hearing the question whether Plaintiff adequately exhausted his administrative remedies on his Eighth Amendment claim against Defendant VanGordon.

Last, the Court determines that Plaintiff's remaining "objections" do not constitute substantive challenges to the Magistrate Judge's February 13, 2014 Report and Recommendation. In his two-page document titled "Objection" (Dkt 164), Plaintiff indicates only that he "objects to Doc #160 The Report and Recommendation in part as to persevere [sic] His rights at trial; and in the Courts of Appeals" (Pl.'s Obj., Dkt 164 at 1). He includes three case citations but does not, as required by this Court's local rules, identify any bases for his objections that this Court could review. *See* W.D. Mich. LCivR 72.3(b). Therefore, Plaintiff's "objections" are denied.

Accordingly, this Court adopts in part and rejects in part the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 210-11 (2007)). Therefore:

**IT IS HEREBY ORDERED** that Defendants' Objections (Dkt 163) are GRANTED, Plaintiff's Objections (Dkt 164) are DENIED, and the Report and Recommendation (Dkt 160) is REJECTED IN PART and APPROVED and ADOPTED IN PART as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 139) is GRANTED IN PART and DENIED IN PART; specifically, for the reasons stated in the Report

and Recommendation and herein, Plaintiff's claims are all dismissed except for the following two claims that may go forward:  (1) Plaintiff's Eighth Amendment claim asserted against Defendant Van Gordon in his personal capacity seeking monetary relief; and (2) Plaintiff's Eighth Amendment claim asserted against Defendant Van Gordon in his official capacity seeking declaratory relief.

**IT IS FURTHER ORDERED** that an Amended Case Management Order will issue following the Magistrate Judge's Settlement Conference, noticing an Evidentiary Hearing and setting forth new dates for a Final Pretrial Conference and Trial.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of this decision would not be taken in good faith.


Dated: July  30 , 2014                          /s/ Janet T. Neff
                                                JANET T. NEFF
                                                United States District Judge

5