UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON FLAKES,

    Plaintiff,

v

JAMES VANGORDON,

    Defendant.

_____/

Case No. 1:10-cv-25

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to the Magistrate Judge, who conducted an evidentiary hearing on the question of whether Plaintiff properly exhausted his administrative remedies as to his remaining claims. The Magistrate Judge issued a Report and Recommendation (R&R), recommending that this Court find that Plaintiff exhausted his available administrative remedies and that his remaining claims should proceed (R&R, Dkt 212 at 12). The matter is presently before the Court on Defendant's objections to the Report and Recommendation (Dkt 213) and Plaintiff's response to Defendant's objections (Dkt 214). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Defendant objects to the Magistrate Judge's conclusion that Defendant failed to "establish that Plaintiff failed to properly exhaust his administrative remedies" (R&R, Dkt 212 at 11; Def. Obj., Dkt 213 at 3). Defendant argues that the Magistrate Judge erred by "not specifically address[ing]

Plaintiff's late filed Step III grievance" (Def. Obj., Dkt 213 at 2; Joint Status Report, Jan. 23, 2015, Dkt 207 at 52). Plaintiff filed a Step III grievance in 2011, three years after commencing this lawsuit (Joint Status Report, Jan. 23, 2015, Dkt 207 at 53; Def. Obj., Dkt 213 at 2). At the evidentiary hearing, Plaintiff testified that he filed an additional Step III grievance as an attempt to "reexhaust" after summary judgment was granted to the initial defendants in this lawsuit based on this Court's finding that Plaintiff failed to exhaust his administrative remedies (Evidentiary Hr'g, Feb. 13, 2015, Dkt 211 at 80-81; Op. & Order, Mar. 29, 2011, Dkt 52 at 1; Def. Obj., Dkt 213 at 2). Defendant contends that although

> Plaintiff has an explanation for why he filed a step III grievance after he was out of segregation for a number of years and after he had received an adverse decision on Defendants [sic] initial motion for summary judgment raising exhaustion . . . Plaintiff's explanation does not make sense in light of the other evidence presented at the hearing. That evidence includes Plaintiffs [sic] admission during the hearing that he sent out other documents in 2008 following the incident he complains of in his lawsuit, and that Plaintiff successfully filed his steps I and II grievances regarding the incident.

(Def. Obj., Dkt 213 at 3). Ultimately, Defendant "believes that this evidence supports his position that he has shown by a preponderance of the evidence that Plaintiff failed to properly exhaust his administrative remedies" (*id.*).

On the other hand, Plaintiff argues that his "2011 Grievance has no bearing on whether [he] timely filed his Step III Grievance back in 2008" (Pl. Resp., Dkt 214 at 2). Plaintiff contends that he "had no control over what happened to that Step III Grievance from the moment it left his hands and "[a]s Magistrate Carmody observed," Defendant "offered absolutely no evidence [at] the evidentiary hearing to contradict [Plaintiff's] testimony" (*id.* at 3) (emphasis omitted). The Court agrees.

A prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available state remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) (stating that both federal and state prisoners "must exhaust administrative processes prior to instituting a § 1983 suit"). However, prisoners are not required to demonstrate exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 216 (2007). "Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015) (citing *Jones*, 549 U.S. at 216).

"There is no dispute that Plaintiff timely filed a Step I and Step II grievance" (R&R, Dkt 212 at 5). Regarding the Step III grievance, the Magistrate Judge properly concluded that Defendant failed to "present any evidence from anybody possessing first hand knowledge concerning . . . whether Plaintiff timely submitted . . . a Step III grievance" (*id.* at 10). Furthermore, "Defendant presented no evidence calling into question Plaintiff's testimony that he timely submitted his Step III grievance to prison officials for mailing" (*id.*). In short, the Court agrees with the Magistrate Judge that the fact that Plaintiff filed a Step III grievance in 2011—even combined with Plaintiff's admission that he successfully sent out other documents in 2008, including his Step I and Step II grievances—does not satisfy Defendant's "burden to demonstrate that Plaintiff failed to properly exhaust his remaining claims" in 2008 (*id.* at 12). As Plaintiff points out, while "Defendant may 'disagree' with Magistrate Carmody that [Plaintiff's] testimony . . . supports [his] position, disagreement is not evidence" (Pl. Resp., Dkt 214 at 3).

Accordingly, this Court denies Defendant's objections and adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 213) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 212) is APPROVED and ADOPTED as the Opinion of the Court; specifically, Plaintiff is found to have exhausted his available administrative remedies as to his remaining claims against Defendant Van Gordon, and the claims will go forward.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the decision would not be taken in good faith.

Dated: November 17, 2015            /s/ Janet T. Neff
                                    JANET T. NEFF
                                    United States District Judge